

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00042-CV

**TRAVIS WAYNE NEWMAN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 220th District Court
Bosque County, Texas
Trial Court No. CV21-075**

## D I S S E N T

The Court goes to a result without adequate justification or authority.[1]  Based on everything in the opinion, there are at least two proper paths to take.  But the path chosen is not one of them.

We do not have before us a motion to dismiss the appeal.

---

[1]  I have other issues with the Court's opinion, as written, but will not discuss those issues in this dissent.

One path to dismiss a civil appeal without a motion to dismiss would be because an issue requiring dismissal has been fully briefed. Since we do not have a brief from the appellee responding to the appellant's amended brief, a fully briefed issue requiring dismissal cannot be the basis of this dismissal. Another path would be to dismiss the appeal because of some specific shortcoming regarding the appeal. That is not what the Court purports to be doing here either; and really, it cannot be what the Court is doing since the parties have not been notified that: the Court is questioning our jurisdiction, *see* TEX. R. APP. P. 42.3 (a); the appellant has failed to timely prosecute the appeal in some way, *see id.* 42.3(b); or the appellant has failed to comply with a requirement of the rules, a court order, or a notice from the clerk, *see id.* 42.3(c). It appears the Court is simply taking the appellant's allegation of error—specifically, that what was filed in the trial court was a motion for new trial rather than a notice of appeal—concluding the appellant does not want to pursue the appeal, and dismissing the appeal. That particular result would occur in response to a motion to dismiss, *see* TEX. R. APP. P. 42.1; but a dismissal is not what the appellant seeks. The appellant argues that the trial court erred and there are unresolved issues in the trial court.

I believe a fair reading of the issue presented in the appellant's amended brief is that the trial court's judgment is not final and the appeal should result in a remand to the trial court for further proceedings. Thus, the notice of appeal would be premature— which is something that conservative litigants have been advised to do when they are uncertain if the judgment is final. And if we were to so hold, the appeal would be dismissed for want of jurisdiction and remanded to the trial court for further proceedings.

Thus, ultimately, the appellate clock would be reset on the date of the final judgment. As it is, based on the Court's opinion and judgment, the appeal is dismissed, the trial court's judgment remains in place, and the motion for rehearing is overruled by operation of law. In that scenario, the appellant gets no review of what happened in the trial court.

Rather than dismissing the appeal, I would await the time with patience until the appellee has filed a brief in response to the appellant's amended brief and then decide the proper path to a disposition. Because the Court prematurely terminates this appeal without a proper foundation, I respectfully dissent.

TOM GRAY
Chief Justice

Dissent delivered and filed August 30, 2023

